UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE BARTLETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>　　　　Defendant. | Case No. ED CV 12-1240 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

　　Jeanette Bartlett ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Specifically, Plaintiff argues that the Administrative Law Judge ("ALJ") failed to properly develop the record by not seeking treatment records from Drs. Sunil Arora, Bruce Ishibashi, and Luminita Andronescu. (Joint Stip. at 3-8, 15.) For the reasons discussed below, the Court agrees with Plaintiff.

　　A.　　<u>The ALJ Failed to Fully and Fairly Develop the Record</u>

　　"[T]he ALJ has a special duty to fully and fairly develop the record and to

---

[1]　Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

assure that the claimant's interests are considered." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (citing *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983)). If the evidence is ambiguous or inadequate to permit a proper evaluation of a claimant's impairments, the ALJ must also "conduct an appropriate inquiry" into that deficiency. *Id.* at 1288.

Here, good reason suggests that the evidence was inadequate.

For instance, in evaluating the medical record, the ALJ stated that the record does not show that Plaintiff "has received any further treatment for her complaints of left shoulder pain" since a September 8, 2009 examination. (AR at 58.) This conclusion, however, is based on an incomplete treating record. Two reports by the Orthopaedic Medical Group – one in October 2010, and one in January 2011 – thank Dr. Arora for referring Plaintiff. (AR at 226-29, 217-19.) Similarly, a November 2010 MRI report lists Dr. Ishibashi as its referring physician. (AR at 214-15.) Both cues suggest that Drs. Arora and Ishibashi treated Plaintiff, and, yet, the ALJ failed to obtain records from either physician.

Moreover, the ALJ noted a nine-month evidentiary gap between Plaintiff's December 2008 and September 2009 visits to the Arrowhead Regional Medical Center. (AR at 58; *see* AR at 205-210.) Though this gap certainly exists, its significance is undermined by evidence that Plaintiff was likely treated by Dr. Andronescu during that time. Again, as above, a July 13, 2009 MRI analysis listed Dr. Andronescu as its referring physician. (AR at 232-33.) Faced with evidence suggesting that the treating record was incomplete,[2] the ALJ, once again, failed to make any inquiries.

Minimizing the significance of this error, Defendant asserts that the substance of these missing records would have likely "been detailed in the subsequent reports"

---

[2] Remarkably, the ALJ even acknowledges Dr. Andronescu in his decision as one of Plaintiff's treating physicians. (AR at 59.)

by the Orthopaedic Medical Group. (Joint Stip. at 11.) Perhaps, but that is neither certain nor relevant for resolution here.

The ALJ's assessment of Plaintiff's shoulder impairments relied heavily on the alleged lack of treating records substantiating that condition. At the same time, the ALJ had cause to believe the treating record was incomplete. For this simple reason, a finding of error is warranted. *See Brown v. Astrue*, 2008 WL 850203, at *2 (E.D. Cal. Mar. 28, 2008) (finding error where ALJ failed to obtain certain records, but then "explicitly relied" on that evidentiary gap in his analysis). Had these missing records been obtained, it is plausible that their contents might have persuaded the ALJ to reach another conclusion regarding Plaintiff's disability status.[3]

Thus, for the reasons stated above, the Court determines that the ALJ failed to adequately develop the record. Accordingly, the Court finds that substantial evidence did not support the ALJ's decision. *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

B.   Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.

---

[3]   This remains true even though, as Defendant asserts, the ALJ presented multiple reasons for his assessment of Plaintiff's credibility. (Joint Stip. at 13.) After all, the ALJ *also* relied on the absence of treating records in weighing the medical evidence. (*See* AR at 58-60.)

1  *See id.* at 594.
2       Here, the Court cannot determine disability based on the record before it.
3  Therefore, on remand, the ALJ shall seek Plaintiff's treatment records, if there be
4  any, from Drs. Sunil Arora, Bruce Ishibashi, and Luminita Andronescu.
5       Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
6  **REVERSING** the decision of the Commissioner denying benefits and
7  **REMANDING** the matter for further administrative action consistent with this
8  decision.

10 Dated: April 30, 2013

    _____
12                            Hon. Jay C. Gandhi
13                            United States Magistrate Judge

4